```
SUSAN M. HANSEN,                )
                                )
        Plaintiff,               )
                                )
    v.                           )
                                )
LIBERTY PARTNERS, LLC and       )
MAINSTREET HOMES, LLC           )
d/b/a MAINSTREET HOMES REALTY,  )
                                )
        Defendants.              )
                                )
    AND                          )    Case No. 3:04-1099
                                )    Judge Echols
LIBERTY PARTNERS, LLC,          )
                                )
        Counter-Plaintiff,       )
                                )
    v.                           )
                                )
SUSAN HANSEN,                   )
                                )
        Counter-Defendant.       )
```

## MEMORANDUM

Pending before the Court is Plaintiff Susan M. Hansen's "Motion for Entry of Default Judgment" (Docket Entry No. 30) to which Defendants MainStreet Homes, LLC ("MainStreet Homes") and Liberty Partners, LLC ("Liberty Partners") have filed memoranda in opposition (Docket Entry Nos. 42 & 43). As a part of its response to Plaintiff's Motion, Defendant Liberty Partners has filed a Motion for Sanctions (Docket Entry No. 43). Subsequent to that filing, Plaintiff filed a "Motion to Withdraw Motion for Entry of Default Judgment" (Docket Entry No. 54), to which MainStreet Homes has filed a response (Docket Entry No. 61).

1

## I. PROCEDURAL BACKGROUND

Plaintiff filed a motion for the entry of a default judgment ostensibly on the ground that the Defendants have not complied with Rule 26(a) of the Federal Rules of Civil Procedure which requires that the parties exchange initial disclosures. In support of that assertion, Plaintiff sets forth the following procedural history which, as will be shown, contains factual inaccuracies.

After Plaintiff filed an Amended Complaint[1] on January 10, 2005, summonses and copies of the Amended Complaint were served on Defendants on January 21, 2005. (Docket Entry No. 30 ¶ 2). On March 2, 2005, Plaintiff filed a "Motion for Entry of Default" due to Defendants' failure to provide initial disclosures under Rule 26(a)(1). (Id. ¶ 4). The request for an entry of default was denied. (Id. ¶ 5). Defendants then filed Motions for Enlargement of Time to File Responsive Pleadings and to Serve Initial Rule 26(a) Disclosures. Those requests were granted and the initial disclosures were due on March 11, 2005. (Id. ¶¶ 6(a) & 6(b)[2]).

Notwithstanding the extension of time until March 11, 2005 within which to serve their initial disclosures, and despite verbal

---

[1] The Amended Complaint is 169 paragraphs long and alleges violations of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, the Tennessee Consumer Protection Act, 47-18-101 *et seq.*, and the common law tort of conversion. (Docket Entry No. 5 ¶¶ 124-168). The Complaint was further amended on March 11, 2005 with the additions of paragraphs 170 to 193 and the inclusion of a claim for "Fraudulent Inducement to Contract By Promissory Fraud." (Docket Entry Nos. 7 & 20).

[2] Plaintiff's Motion for Entry of Default contains two paragraphs 6 which the Court will denote as 6(a) and 6(b).

2

assurances from counsel for Defendants, Plaintiff has not been served the initial disclosures. (Id. ¶ 7). Because of Defendants' failure to comply with the requirement of Rule 26(a), Plaintiff requests that judgment be entered in her favor in the amount of $72,515.73 together with pre- and post-judgment interest, costs and attorney's fees. (Id. at 3).

Plaintiff's characterization of the procedural history of this case contains egregious misstatements and omissions prompting Defendants to voice strong objections to the same and Liberty Partners to move for sanctions. Defendant MainStreet Homes asserts that while Plaintiff alleges she filed her Amended Complaint on January 10, 2005, "for accuracy sake, the Court's records reflect that Plaintiff filed a Motion to Amend Complaint (Docket Entry No. 7) on February 10, 2005 and that an Order was entered by the Court (Docket Entry No. 20) on March 11, 2005 granting Plaintiff's Motion to Amend Complaint." (Docket Entry No. 42 at 2).[3]

Both Defendants correctly note that Plaintiff falsely claims her first motion for the entry of default was grounded upon Defendants' alleged failure to comply with the requirements of Rule 26(a). That Rule is not mentioned in the first Motion. Instead, Plaintiff complained solely about Defendants not filing an answer

---

[3]Actually, this effort to clarify the record is also misleading. An Amended Complaint was filed on January 10, 2005. (Docket Entry No. 5). Subsequently, Plaintiff sought leave to amend her Complaint further by adding additional paragraphs and a new claim. That request was granted. (Docket Entry No. 20).

3

or other responsive pleading in a timely fashion. (Docket Entry No. 13).[4]

Moreover, Defendants assert that the underlying basis of the present Motion for Entry of Default is wrong because, contrary to Plaintiff's assertion, they each have provided Plaintiff with the required initial disclosures under Rule 26. In fact, the record reflects that MainStreet Homes served its initial disclosures on Plaintiff on March 16, 2005. (Docket Entry No. 42, Exs. 1 & 2). Liberty Partners served its initial disclosures on March 24, 2005. (Docket Entry No. 43-3).

After Defendants filed their responses and Liberty Partners moved for sanctions, Plaintiff filed a "Motion to Withdraw Motion for Entry of Default." Although Plaintiff "begs the forgiveness of the court and the defendants for any inconvenience" the motion caused, any effort at contrition for her misstatements and inaccuracies dissipates with her denial "that she misrepresented any facts averred in the subject motion." (Docket Entry No. 54 ¶¶ 2 & 3).

## II. LEGAL ANALYSIS

Given the filings, this Court must resolve two issues. The first issue is whether Plaintiff is entitled to an entry of default.[5] The second issue is whether, assuming the entry of

---

[4]The Clerk denied the requested entry of default because the Defendants had filed motions for extensions of time within which to answer or otherwise respond. (Docket Entry No. 19).

[5]Alternatively, the Court could simply grant Plaintiff's request that her Motion for Entry of Default be withdrawn.

4

default is inappropriate, sanctions should be imposed on her and her counsel for the filing of the Motion for Entry of Default.

**A. <u>Motion for Entry of Default</u>**

Motions for default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure. Rule 55(a) provides that the Clerk shall enter a default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" as required by the Federal Rules. Upon an entry of default, a judgment of default can be rendered by the clerk if Plaintiff's claim is for a sum certain, otherwise judgment of default is left for consideration by the Court. Fed. R. Civ. P. 55(b).

By its very terms, an entry of default may only be granted where a party has "failed to plead or otherwise defend." It is wholly inapplicable in this case because both Defendants have filed Answers, and indeed have filed Motions for Summary Judgment. (Docket Entries Nos. 23, 25, 32 & 35). Accordingly, Plaintiff's Motion for Entry of Default Judgment (Docket Entry No. 30) will be denied, rendering her "Motion to Withdraw Motion for Entry of Default Judgment" (Docket Entry No. 54) moot.

**B. <u>Motion for Rule 11 Sanctions</u>**

Rule 11 of the Federal Rules of Civil Procedure allows a court to award sanctions when a party submits to the court pleadings, motions or papers that are presented for an improper purpose, are

---

However, in its response to that motion, MainStreet Homes requests that the Court reach the merits of the propriety of the request for the entry of default judgment because counsel's integrity was called into question by Plaintiff's filing. (Docket No. 61 at 2).

5

not warranted by existing law or a nonfrivolous extension of the law, or if the allegations and factual contentions do not have evidentiary support. See Fed.R.Civ.P. 11(b)(1)-(3). "'The test for the imposition of Rule 11 sanctions in this circuit is whether the individual's conduct was reasonable under the circumstances.'" International Union UAW v. Aguirre, 410 F.3d 297, 304 (6th Cir. 2005)(citation omitted).

However, the availability of Rule 11 sanctions is conditioned upon compliance with the Rule's safe harbor provision. First Bank of Marietta v. Hartford Underwriters Ins. Co., 307 F.3d 501, 511 (6th Cir. 2002). Specifically, Rule 11 provides:

> A <u>motion for sanctions</u> under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but <u>shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected</u>.

Fed. R. Civ. P. 11(c)(1)(A) (emphasis added).

Under the foregoing provision, "'a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation[.]'" Ridder v. City of Springfield, 109 F.3d 288, 297 (6th Cir. 1997)(quoting Fed.R.Civ.P. 11 Advisory Committee Notes (1993 Amendments)). Compliance with the "safe harbor" provision by the moving party is mandatory before sanctions under Rule 11 can be considered by the court. Id. at 296.

6

In this case, Liberty Partners has failed to show compliance with the safe harbor provision of Rule 11. From all outward appearances, the first time Plaintiff was aware that Liberty Partners was seeking sanctions was when it filed its motion for sanctions. Moreover, shortly after receiving both Defendants' responses to her Motion for the Entry of Default, Plaintiff filed her Motion to Withdraw Motion for Entry of Default Judgment. Accordingly, Liberty Partners' Motion for Sanctions under Rule 11 will be denied.[6]

Although the Court will not impose monetary sanctions in this instance, Plaintiff's counsel is admonished to make representations to the Court which are well-founded under the facts and the law. In this regard, Plaintiff's representation that her first motion for the entry of default was based upon Defendants' alleged failure to comply with the requirements of Rule 26 is simply false. Her claim that she did not receive Defendant's Rule 26 disclosures is also false. Such false representations are unacceptable from members of the bar of this Court.

---

[6] While the motion seeks sanctions under Rule 11, in its supporting brief, Liberty Partners asserts that sanctions are also available pursuant to Fed.R.Civ.P. 37. However, reliance on that rule is unavailing since Rule 37 deals with a party's failure to make disclosures or cooperate in discovery. There is no suggestion *Plaintiff* failed to make disclosures as required by the discovery rules or otherwise cooperate in discovery. The claim, incorrect though it may be, is that *Defendants* failed to make disclosures. Moreover, while Rule 37(a)(4)(b) allows for an award of attorney's fees to a party who successfully opposes a motion for an order compelling discovery under Rule 37(a), no such motion has been made by Plaintiff.

7

## III. CONCLUSION

On the basis of the foregoing, Plaintiff's "Motion for Entry of Default Judgment" (Docket Entry No. 30) will be denied. Plaintiff's "Motion to Withdraw Motion for Entry of Default Judgment" (Docket Entry No. 54) will be denied as moot. Defendant Liberty Partners' "Motion for the Institution of Rule 11 Sanctions" (Docket Entry No. 43) will also be denied.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE